UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW AARON SIMPSON, II,

    Plaintiff,

v.

STATE OF MICHIGAN,

    Defendant.

Case No. 25-12694
Honorable Laurie J. Michelson

---

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS [2] AND DISMISSING COMPLAINT [1] AND MISCELLANEOUS MOTIONS [6, 9]**

---

Matthew Aaron Simpson claims to be the executor or authorized representative of TAKEUSHOME Express Trust. (ECF No. 1, PageID. 5, 9.) He filed a pro se lawsuit against the State of Michigan pursuant to 15 U.S.C. § 1667(5) (*id.* at PageID.4) for the following relief: "record my documents privately. I am not an enemy of the state. I am a natural person the age of majority" (*id.* at PageID.6).

Simpson wishes to pursue this relief without prepaying Court fees and costs. (ECF No. 2.) He claims to have no wages, no sources of income, and no assets. (*Id.*) The Court thus finds that Simpson has made the required showing of indigence under 28 U.S.C. § 1915(a)(1) and grants his application to proceed in forma pauperis (ECF No. 2).

In turn, the Court has an obligation under 28 U.S.C. § 1915(e)(2)(B) to conduct a preliminary screening of Simpson's complaint and dismiss any claim that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or

"seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

Simpson's complaint fails screening on all grounds. First, the doctrine of sovereign immunity precludes this lawsuit against the State of Michigan. *See, e.g.*, *Hans v. Louisiana*, 134 U.S. 1, 15 (1890); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). Second, the basis of Simpson's claim is 15 U.S.C. § 1667(5). But this is simply the definitions provision of the Truth in Lending Act.

Thus, Simpson's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE. As a result, his notice of filing (ECF No. 6) and Motion to Seal (ECF No. 9) are DISMISSED AS MOOT. If Simpson wishes to file an amended complaint, he must do so pursuant to Federal Rule of Civil Procedure 15 and not as a "supplement" to another motion. He may have until December 9, 2025, to amend the complaint or this case will be closed.

SO ORDERED.

Dated: November 26, 2025

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE